Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000551
02-NOV-2016
08:03 AM

NO. CAAP-15-0000551

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEBRA LEITE-HULAMA,
Claimant/Appellant/Appellant
v.
CHILD AND FAMILY SERVICES,
Employer/Appellee/Appellee,
and
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY,
Insurance Carrier/Appellee/Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2014-156(H) (DCD NO. 1-08-00585))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Claimant/Appellant/Appellant Debra Leite-Hulama (**Leite-Hulama**) appeals from the "Decision and Order" issued on July 2, 2015 by the Labor and Industrial Relations Appeals Board (**LIRAB**).

On appeal, Leite-Hulama contends that the LIRAB erred when it (1) denied her motion for reconsideration made pursuant to Hawaii Administrative Rules (**HAR**) § 12-47-53 (effective Nov. 5, 1981)[1] and Hawaii Revised Statute (**HRS**) § 386-87(d) (2015

---

[1]     HAR § 12-47-53 provides:

§12-47-53 Reconsideration or reopening of decision or order. (a) In the absence of an appeal and within thirty days after mailing of a copy of the [LIRAB's] decision or order, the [LIRAB] may, upon the request of any party, or upon its own motion, reconsider or reopen the matter. If reopening is allowed, the [LIRAB] may take further evidence or may modify its decision or order. The time to initiate

Repl.)[2]; (2) limited the applicability of HRS § 386-86(e) (2015 Repl.)[3] to oral depositions ordered by the Director of the Disability Compensation Division; and (3) determined that the LIRAB had the authority to order independent medical examinations.

Upon careful review of the record and the briefs

---

judicial review shall run from the date of mailing of the further decision if the matter has been reconsidered or reopened. If the request for reconsideration or reopening is denied, the time to initiate judicial review shall run from the date of mailing the denial decision.

(b) The request for reconsideration or reopening shall be in writing and shall be served upon all parties. The request shall specify the reasons why reconsideration or reopening is warranted.

(c) A hearing on the request for reconsideration or reopening may be held at the [LIRAB's] discretion.

[2] HRS § 386-87(d) provides:

§386-87 Appeals to appellate board.

. . . .

(d) In the absence of an appeal and within thirty days after mailing of a certified copy of the appellate board's decision or order, the appellate board may, upon the application of the director or any other party, or upon its own motion, reopen the matter and thereupon may take further evidence or may modify its findings, conclusions or decisions. The time to initiate judicial review shall run from the date of mailing of the further decision if the matter has been reopened. If the application for reopening is denied, the time to initiate judicial review shall run from the date of mailing of the denial decision.

[3] HRS § 386-86(e) provides:

§386-86 Proceedings upon claim; hearings.

. . . .

(e) For the purpose of obtaining any matter, not privileged, which is relevant to the subject matter involved in the pending action, the director, upon application and for good cause shown, may order the taking of relevant testimony by deposition, upon oral examination, or written interrogatories, or by other means of discovery in the manner and effect prescribed by the Hawaii rules of civil procedure; provided that when the claimant's deposition is taken, the employer shall pay for the cost to the claimant of attending the deposition, any costs associated with having the deposition transcribed and copied, and any and all reasonable attorney's fees and costs incurred by the claimant with respect to the deposition.

submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Leite-Hulama's appeal is without merit.

Leite-Hulama argues that the LIRAB erred in denying her April 10, 2015 "Motion to Reconsider Order Denying Motion to Allow Attorney's Fees for Oral Deposition of Claimant Debra Leite-Hulama" (**Motion for Reconsideration**) based on the standard for motions for reconsideration articulated in Ass'n of Home Owners of Kai Nui Court ex rel. Bd. of Dirs. v. City & Cty. of Honolulu, 118 Hawai‘i 119, 185 P.3d 867 (App. 2008). LIRAB's "Decision and Order" cited to Kai Nui for the proposition that "the purpose of a motion for reconsideration is to allow the parties to present new evidence or arguments that could not have been presented during the earlier adjudicated motion." Kai Nui, 118 Hawai‘i at 121, 185 P.3d at 869 (quoting Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992)). The LIRAB then concluded:

> Under the standard for motion for reconsideration articulated in Kai Nui, supra, the [LIRAB] concludes that [Leite-Hulama's] motion for reconsideration is denied, because [Leite-Hulama] did not present any new evidence and the arguments advanced in her memorandum in support of her motion for reconsideration could have and should have been presented with her Motion to Allow Attorney Fees for Oral Deposition.

Although Kai Nui is not a workers' compensation case, the standard articulated in Kai Nui is the same standard that this court follows when reviewing motions for reconsideration filed pursuant to HAR § 12-47-53 and HRS § 386-87(d). See Yadao v. Dep't of Land & Nat. Res., 137 Hawai‘i 162, 177, 366 P.3d 1041, 1056 (App. 2016). This court in Yadao recognized that

> [t]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented in an earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Id. (brackets omitted) (quoting Sousaris v. Miller, 92 Hawai‘i 505, 513, 993 P.2d 539, 547 (2000)) (summarizing the standard for motions for reconsideration filed pursuant to HAR § 12-47-53 and

HRS § 386-87(d)).

Furthermore, Leite-Hulama argues that she presented new evidence in her Motion for Reconsideration because she attached documents to her motion that she did not include in her original March 12, 2015 "Motion to Allow Attorney Fees for Oral Deposition of Claimant Debra Leite-Hulama" (**Motion for Fees and Costs**). We reiterate the well-established principle that "[r]econsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Yadao, 137 Hawaiʻi at 177, 366 P.3d at 1056 (brackets omitted) (quoting Sousaris, 92 Hawaiʻi at 513, 993 P.2d at 547); see Cho v. State, 115 Hawaiʻi 373, 384, 168 P.3d 17, 28 (2007); First Ins. Co. of Hawaiʻi, Ltd. v. Lawrence, 77 Hawaiʻi 2, 17, 881 P.2d 489, 504 (1994); Briggs v. Hotel Corp. of the Pac., Inc., 73 Haw. 276, 287 n.7, 831 P.2d 1335, 1342 n.7 (1992). Leite-Hulama's Motion for Reconsideration presented legal arguments and evidence that she did not include in her original Motion for Fees and Costs or in supplemental filings in support of her motion, even though the arguments and evidence were available to her at the time.

Because the legal arguments and evidence presented in Leite-Hulama's Motion for Reconsideration could have and should have been presented in her Motion for Fees and Costs, the LIRAB did not abuse its discretion in denying Leite-Hulama's Motion for Reconsideration. See Yadao, 137 Hawaiʻi at 177, 366 P.3d at 1056; see also Gossinger v. Ass'n of Apartment Owners of Regency of Ala Wai, 73 Haw. 412, 427, 835 P.2d 627, 635 (1992) (holding that the circuit court did not abuse its discretion when it denied a motion for reconsideration supported by arguments and evidence that "could and should have been presented to the trial court prior to its determination of the [original motion]").[4]

Therefore,

---

[4] Because we hold that Leite-Hulama failed to present new evidence or arguments in her Motion for Reconsideration that could not have been made in her Motion for Fees and Costs, we need not address her remaining points of error on appeal.

IT IS HEREBY ORDERED that the "Decision and Order" issued on July 2, 2015 by the Labor and Industrial Relations Appeals Board is affirmed.

DATED: Honolulu, Hawaiʻi, November 2, 2016.

On the briefs:

Stanford H. Masui
Erin B.J.H. Masui
(Law Offices of Masui-Masui)
for Claimant/Appellant/
Appellant.

Robert E. McKee, Jr.
for Employer/Appellee/
Appellee and Insurance Carrier/
Appellee/Appellee.

Presiding Judge

Associate Judge

Associate Judge